**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


LORI BROWN                                                                    **PLAINTIFF**

vs.                                                          Civil Action No. 3:09-cv-21-HTW-LRA

HENRY DESCHEENY
D. & J., ENTERPRISES, INC.,                                      **DEFENDANTS**
D & J OF ALABAMA, INC.


## ORDER DENYING REMAND

Before the court is plaintiff Lori Brown's Motion for Remand [docket no.3].  For

the foregoing reasons, plaintiff's motion is denied.

### Statement of Relevant Facts

On or about October 20, 2005, plaintiff Lori Brown was operating her vehicle and

driving in a westerly direction over and along Fox Road in Lincoln County, Mississippi.

Brown says she approached a vehicle that was parked across both lanes of travel on

Fox Road with no flag man to direct traffic and no warning signs to indicate that work

was being done to the vehicle.  Brown collided with the vehicle.  As a result of the

collision, Brown suffered bodily and property damage and has incurred medical

expenses.

Brown filed suit in the Circuit Court of Lincoln County, Mississippi, against

defendants D. & J. Enterprises, Inc., and D & J of Alabama, Inc., the owners of the

vehicle with which she collided, and defendant Henry Descheeny, the driver and

operator of that vehicle.  Brown demands a judgment from the defendants in the

amount of $74,000.00 jointly and severally, together with all costs expended herein.

The defendants removed the case to this court.

## Law and Analysis

As courts of limited jurisdiction, federal courts must ascertain subject matter

jurisdiction under the presumption that a lawsuit lies outside its jurisdiction before

resolving any other element of a lawsuit.  *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916

(5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001).  Further,

the removal statutes are to be strictly construed with all doubts and ambiguities

resolved against a finding of removal.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339

(5th Cir. 2000).

Defendants removed this case to this federal forum pursuant to Title 28 U.S.C.

§ 1332[1] and § 1441.[2]  Specifically, for subject matter jurisdiction, defendants rely upon

diversity of citizenship.  A removing defendant must prove by a preponderance of the

evidence that the diversity of citizenship lies and that the amount in controversy

---

[1]Title 28 U.S.C. § 1332(a)(1) states that "[t]he district courts shall have original
jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $
75,000, exclusive of interest and costs, and is between citizens of different States."

[2] Title 28 U.S.C. § 1441(a) states, in pertinent part, that ". . . any civil action brought in a
State court of which the district courts of the United States have original jurisdiction, may be
removed by the defendant or defendants, to the district court of the United States for the district
and division embracing the place where such action is pending."

exceeds $75,000, exclusive of costs and interest.  *Simon v. Wal-Mart Stores, Inc.*, 193

F.3d 848, 850 (5th Cir. 1999).

Complete diversity of citizenship exists between the parties, as Brown is a

resident of the State of Mississippi and all defendants are residents of another state.

The parties dispute, however, whether the amount-in-controversy prong is met.  Brown

maintains that she has not amended her complaint where she specified damages in the

amount of $74,000.  Defendants argue that they filed the Notice of Removal based on a

letter regarding a settlement offer of $100,000 that was made by Brown, an amount

which would exceed the jurisdictional monetary requirement.

The parties also dispute whether removal was timely. Defendants allege in their

Notice of Removal that Brown brought her claim on May 3, 2006.  Title 28 U.S.C.

§ 1446(b) states that "a case may not be removed on the basis of jurisdiction conferred

by section 1332 of this title more than 1 year after commencement of the action."

Defendants filed the Notice of Removal on January 12, 2008, more than one year after

the commencement of this action.  Nevertheless, the defendants argue that it was

timely filed pursuant to equitable tolling recognized by the Fifth Circuit in *Tedford v.*

*Warner-Lambert Co.*, 327 F.3d 423, 426-27 (5th Cir. 2003).

The conduct of the parties may affect whether it is equitable strictly to apply the

one-year limit.  *Id.*  Where a plaintiff has attempted to manipulate the statutory rules for

determining federal removal jurisdiction, thereby preventing the defendant from

exercising its rights, equity may require that the one-year limit in § 1446(b) be extended.

*Id.* at 428-29.

On March 28, 2007, Brown revealed she was not seeking damages in excess of

$75,000, but reserved the right to amend her complaint.  On October 14, 2008, Brown designated experts, indicating, at that time, that she had permanent injuries and that the defendants had acted recklessly.  On December 12, 2008, Brown issued a written settlement demand through her counsel for $100,000.00.  On December 30, 2008, Brown was deposed by the defendant and spoke of "lost wages."

The court is convinced that equitable tolling is appropriate in this case given Brown's responses during the course of this case, culminating with a settlement demand of $100,000.  The affidavit submitted by Brown with her rebuttal to the Motion to Remand is insufficient, on its face, to persuade the court to remand this case.  The affidavit signed by Brown on January 21, 2009, reads, in pertinent part, that "I . . . swear under oath that I will never *ask* the Court to award me more than $74,000.00." (emphasis added).  The language is clear.  What is absent from the affidavit are words to the effect that Brown will not only refrain from petitioning the court for more than $74,000, but that she will not *accept* more than $74,000.  To send this case back to state court, which could result in Brown getting more than $74,000, would violate the spirit of the law of removal, if not the letter.

Accordingly, because Brown has waffled so on the matter of damages, *Tedford* applies and equitable tolling allows this case to be removed more than one year after it was commenced.  Further, the court finds that Brown seeks at least the jurisdictional amount.  Remaining issues as to the amending of the complaint and discovery schedule are matters to be discussed with the Magistrate Judge.

**CONCLUSION**

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to

Remand [docket no. 3] is denied.

**SO ORDERED, this the 21st day of March, 2010.**

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

Civil Action: 3:09-cv-21-HTW-LRA
Order Denying Remand